(C.D. 2682)

COATS & CLARK, INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided May 16, 1966)

*Lane, Young & Fox* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The above-enumerated protests controvert the classification by the collector of customs of certain merchandise as parts of slide fasteners in paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and the assessment of duty thereon at the rate of 50 per centum ad valorem.

Plaintiff herein contests said classification and duty assessment claiming that the imported articles should properly have been classified as wires composed of iron, steel, or other metal, covered with lacquer, with or without metal covering, in paragraph 316(a) of said act, as modified by the Sixth protocol, *supra,* and subjected to duty at

the rate of 15 per centum ad valorem, plus a copper tax assessment pursuant to section 4541(1) of the Internal Revenue Code, as modified by the Sixth protocol, *supra*.

The parties hereto have entered into a stipulation of fact wherein it has been agreed that the items of merchandise marked "A" and initialed "MJH" by Examiner Morris J. Holstein on the invoices accompanying the entires covered by said protests consist of flat wire in long lengths on spools, made of copper and covered with colored lacquer, thicker than 0.01 inch but not thicker than 0.05 inch, and that in its imported condition said wire is not a part of a slide fastener but consists of a material used in the manufacture of parts for slide fasteners and other articles.

Upon the agreed facts of record, we hold that the items of merchandise marked and initialed as aforesaid should properly have been classified as wires composed of copper, covered with lacquer, with or without metal covering, in paragraph 316(a) of the Tariff Act of 1930, as modified by the Sixth protocol, *supra*, and subjected to duty at the rate of 15 per centum ad valorem, plus the pertinent copper tax assessment where applicable. That claim in the protests is, therefore, sustained. As to all other merchandise and all other claims, the protests are overruled.

Judgment will issue accordingly.